## Case No. 1,930.

BRONSON et al. v. LA CROSSE & M. R. CO.

[9 Am. Law Reg. 350.]

District Court, D. Wisconsin. 1861.

COURTS OF UNITED STATES—PRACTICE—TESTIMONY IN EQUITY CAUSES—MANNER OF TAKING — WISCONSIN PRACTICE—DEPOSITIONS.

[1. The provision of the Wisconsin constitution that testimony in equity causes shall be taken in the same manner as at law, and that the office of master in chancery be abolished, prevents the a..plication to the federal courts in that state of Act April 29, 1802, § 25 (2 Stat. 166), providing for the taking of testimony in equity suits in the federal courts by deposition in states where that practice prevails.]

[2. Under the judiciary act of September 24, 1789, § 30 (1 Stat. 88), and equity rules 67 and 68 (adopted 1842), testimony in equity causes may be taken by examination in open court, or upon a commission with written interrogatories annexed (unless dispensed with by the parties), but such testimony cannot be taken by mere depositions before a master.]

[In equity. Bill by Greene C. Bronson and James T. Soutter, trustees, etc., against the La Crosse & Milwaukee Railroad Company, the Milwaukee & Minnesota Railroad Com-

pany, Selah Chamberlain, Henry Vallette, and others, to foreclose a mortgage. Defendants moved to suppress certain depositions. Motion granted.]

MILLER, District Judge. At the instance of complainants' counsel, a master of this court notified defendants' counsel that the depositions of certain witnesses who were within the jurisdiction would be taken before him on a day named, to be read in evidence at the hearing of this cause. The defendants' counsel refused to attend; and he has moved the court to suppress the depositions, on the ground that they were taken without authority. By section 30 of the act to organize the judicial courts of the United States (1 Stat. 88): "The mode of proof by oral testimony and examination of witnesses in open court shall be the same in all the courts of the United States, as well in the trial of causes in equity and of admiralty and maritime jurisdiction as of actions at common law." And by section 25 of the act of April 29, 1802 (2 Stat. 166): "In all suits in equity it shall be in the discretion of the court, upon the request of either party, to order the testimony of the witnesses therein to be taken by depositions, which depositions shall be taken in conformity to the regulations prescribed by law for the courts of the highest original jurisdiction in equity in cases of a similar nature, in that state in which the court of the United States may be holden; provided, however, that nothing herein contained shall extend to the circuit courts which may be holden in those states in which testimony in chancery is not taken by depositions." The constitution of the state of Wisconsin directs that, "the testimony in causes in equity shall be taken in like manner as in cases at law, and the office of master in chancery is abolished." In Conn v. Penn, 5 Wheat. [18 U. S.] 424, decided in the year 1820, Marshall, C. J., remarks: "The judiciary act directs that the mode of proof shall be by oral testimony, and that witnesses shall be examined in open court." "The act of 1802 leaves it to the discretion of the court in those states where testimony in chancery is taken by depositions, to order, on the request of either party, the testimony of the witnesses to be taken by depositions." It will be observed that the act of 1802 does not apply to this court, as by the constitution of the state, testimony of witnesses is to be taken in court, in the same manner in cases in equity as at law.

In pursuance of the act of May 8, 1792, § 2 (1 Stat. 276), which empowered the supreme court of the United States to regulate proceedings in equity, and from time to time by rule to prescribe regulations to any circuit or district court concerning the same, the supreme court, at the term of February, 1822, adopted rules of practice for the courts of equity of the United States, which

are to be found in 7 Wheat. [(20 U. S.) introduction]. By these rules, "testimony may be taken according to the acts of congress or under a commission. And all testimony taken under a commission shall be taken on interrogatories and cross-interrogatories filed in the cause, unless the parties shall dispense therewith." At the term of the supreme court of the United States of January, 1842, a new set of rules of practice were adopted for the courts in equity, to take effect on the first day of August of that year. By rule 67, after the cause is at issue, commissions to take testimony may be taken out in vacation as well as in term jointly by both parties, or severally by either party upon interrogatories—the commissioners to be named by the court or the judge, or by an amendment, by the clerk. If the parties so agree the testimony may be taken upon oral interrogatories by the parties or their agents without filing any written interrogatories. This rule follows the previous rule, in requiring a commission with written interrogatories, unless they be waived by the parties. By rule 68, testimony may also be taken by depositions according to the acts of congress. But in such case, if no notice be given to the adverse party of the time and place of taking the depositions, he shall be entitled to a cross-examination. The first sentence of this rule in effect recognizes the acts of congress above cited, and also the whole of section 30 of the act to establish the judicial courts of the United States, approved September 24, 1789. The act of 1802 not being applicable to this district, the only act binding on this court is the act of 1789.

By section 6 of an act approved August 23, 1842 (5 Stat. 518), the supreme court is invested with full power and authority from time to time to prescribe, regulate, and alter the forms and modes of taking and obtaining evidence. This act was passed and went into force subsequently to the present rules, and the supreme court have not exercised the authority conferred by changing them in this particular.

From this investigation of the subject I have come to the conclusion that, according to the rules of practice, the only method of taking the testimony of witnesses within the jurisdiction, to be read in cases in equity in this district, is either by examination in open court or upon a commission with written interrogatories annexed, unless they be dispensed with by the parties. But it is competent to the parties to dispense with a commission; and if such agreement is in writing, and made before the master or commissioner, it cannot be withdrawn after the testimony is taken in pursuance of it. In the case of Sickles v. Gloucester Co., in the eastern district of Pennsylvania [Case No. 12,-840], a rule for a commission had been taken by the defendant, and the counsel of the other side having filed the complainant's affidavit that the evidence, if taken before a

commissioner upon interrogatories and cross-interrogatories, would operate unjustly and prejudicially to his interests, obtained a special order that he might have power to cross-examine the witnesses ore tenus; and that the testimony so taken shall have the same effect as if taken under rule 67. A motion to suppress the depositions taken in pursuance of the order was denied by the court. The court considered that the secret or private examination of witnesses in courts of equity has been repudiated by statute, and never has been a fundamental principle in their administration in the courts of the United States; and that the rule 67 does not annul the act of congress, or the policy established by it. That was a patent case, and came peculiarly within the duty of the court to have the examination of the witnesses with the models before them.

The practice to be observed in this district is, to take the testimony of witnesses within the jurisdiction in open court, or upon commission with interrogatories annexed, unless dispensed with, when counsel examine the witnesses ore tenus before the commissioner, or by consent, by depositions waiving commission and written interrogatories. In this district, where there is no state law to give effect to the act of April, 1802, one party cannot require the opposite party to attend before a commissioner or master to take the depositions of witnesses within the jurisdiction, to be read at the final hearing of a cause in equity, except in cases specially provided for in the act of September, 1789. The depositions will be ordered stricken from the files.

[NOTE. This was a bill to foreclose a mortgage, and complainants had a final decree, from which they appealed to the supreme court, which reversed the decree below, and directed the district court to enter a decree for complainants for the full amount. See Bronson v. La Crosse & M. R. Co., 2 Wall. (69 U. S.) 283. For denial of motion to dismiss this appeal, see Id., 2 Black (67 U. S.) 524. See, also, denial of motion in the supreme court on behalf of creditors to intervene for the purpose of moving to dismiss the appeal. Id. The defendant, the Milwaukee & Minnesota Railroad Company, owner of the equity of redemption, offered to pay the sum due, on condition that the receiver appointed should be discharged, and made a motion to that effect, which was denied, whereupon it appealed to the supreme court. Pending this appeal, the same defendant filed a bill against the Milwaukee & St. Paul Railway Company for delivery of a possession of a portion of the road, which bill was dismissed on demurrer, and an appeal was taken from the decree of dismissal. Both appeals were heard at the same time, and the supreme court reversed the decree dismissing the bill,—Milwaukee & M. R. Co. v. Soutter, 2 Wall. (69 U. S.) 609, —and also reversed the order overruling the motion, and directed the discharge of the receiver, and that the Milwaukee & Minnesota Railroad Company be let into possession on payment of the amount due on the mortgage. For denial of motion to dismiss the appeal, see Id., 2 Wall. (69 U. S.) 440. In accordance with the mandate of the supreme court, the district court made an order requiring delivery of possession to the Minnesota company, and

that company thereafter moved to attach the officers of the Milwaukee & St. Paul Company for contempt in disobeying the order, which motion was denied. See Souter v. La Crosse Railroad, Case No. 13,180.

[After the acts of July 15, 1862 (12 Stat. 576), organizing the circuit court, and transferring causes pending in the district court to the circuit court, and the act of March 5, 1863 (12 Stat. 807), conferring powers on the district court to issue orders, etc., in cases in which it had theretofore made final decrees, a motion was made in the supreme court by the Milwaukee & Minnesota Railroad Company in both cases for a writ to prohibit further action therein by the district court, which motion was denied. See Bronson v. La Crosse & M. R. Co., 1 Wall. (68 U. S.) 405.

[The Milwaukee & Minnesota Railroad Company also, after the decision of complainants' appeal, moved in the district and circuit courts for an order discharging the receiver and putting in possession, which motion was denied in both courts. See Howard v. La Crosse & M. R. Co., Case No. 6,760. An appeal was taken from such denial, which was dismissed for the reason that the order, being discretionary, was not appealable. See Milwaukee & M. R. Co. v. Soutter, 17 Lawy. Ed. Sup. Ct. Rep. 604, 616.]